**FREDERICK BLANK & CO. v. UNITED STATES et al.**

(District Court, S. D. New York. August 28, 1925.)

**I. Shipping ⬤�longdash117.**

Master, ordered by man in uniform not to discharge cargo at port, because under martial law, and to proceed to different port, *held* to have acted in good faith and in reasonable manner in proceeding to such port.

**2. Shipping ⬤⟹113.**

Parties to bill of lading, having agreed to accept master's opinion of possibility or safety in discharging cargo at destination, may not question action, based on judgment exercised in good faith and in reasonable manner.

In Admiralty. Libel by Frederick Blank & Co. against the United States and another. Libel dismissed.

Decree affirmed in 13 F.(2d) 394.

Foley & Martin and William J. Martin, all of New York City, for appellant.

Emory R. Buckner, U. S. Atty., and Horace M. Gray, Sp. Asst. U. S. Atty., both of New York City, for the United States.

BONDY, District Judge. Shortly after the arrival of the Yaquina at Piræus, she was boarded by men in military uniform. One of these was in a uniform known to the master to be that of an officer. He, in the presence of the ship's agent at Piræus and others, ordered the master of the Yaquina not to discharge the cargo, most of which was consigned to the Greek army, at Piræus, but to proceed to Salonica. He also delivered to the master a writing entitled "Note for the Commander of the Steamship Yaquina," under a seal purporting to be the seal of the Minister of War, ordering him to proceed to Salonica and to discharge the cargo as therein directed, and to remain at Salonica until ordered to return to Piræus. The master was also told that Piræus was under martial law, and that all lighters in the harbor had been requisitioned by the army.

[1] These facts make applicable the provision in the bill of lading that if, on account of any cause beyond the control of the steamer, it shall be impossible or *unsafe in the opinion of the master* to unload said goods at the port of discharge or delivery, the same shall be carried to the next convenient port of discharge for transshipment, *or retained on board for delivery on return, at master's option.* The master testified as to what he saw and what he heard when he arrived at Piræus, and as to what led him to believe that it was impossible to discharge the cargo at Piræus, or anywhere in Greece, other than

Salonica. He unquestionably acted in good faith and in a reasonable manner, and without any apparent advantage to the libelant in going to Salonica.

[2] The parties to the bill of lading agreed to abide by the master's opinion as to whether or not it is possible or safe to discharge the cargo at the point of destination, and they may not question the advisability of his action, if based on judgment exercised in good faith and in a reasonable manner.

The libel, therefore, is dismissed.

———

**Frederick BLANK et al., Libelants-Appellants, v. UNITED STATES and International Merchantile Marine Corporation, Respondents-Appellees.**

(Circuit Court of Appeals, Second Circuit. June 17, 1926.)

No. 375.

Appeal from the District Court of the United States for the Southern District of New York.

Foley & Martin and William J. Martin, all of New York City, for appellants.

Emory R. Buckner, U. S. Atty., and Horace M. Gray, Sp. Asst. U. S. Atty., both of New York City, for the United States.

Before HOUGH, MANTON and HAND, Circuit Judges.

PER CURIAM. Decree (13 F.[2d] 394) affirmed.